UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HERIBERTO PALACIO,

                 Plaintiff,

v.

9:08-CV-0963
(FJS/GHL)

NEW YORK STATE DIV. OF PAROLE, Albany, N.Y;
JANE/DOHN DOE, Parole Officer, Altona Corr. Fac.;
WALTHALL, New York City Parole Bureau Chief;
L. WALKER, Senior Parole Officer, Bronx, N.Y.;
R. ROSADO, Senior Parole Officer, New York City, N.Y.;
KELLY, Senior Parole Officer, Bronx, N.Y.;
CLIFFORD JONES, Parole Officer, New York City, N.Y.;
M. ROBERSON, Parole Officer, Bronx, N.Y.;
AARAS, Parole Officer, Bronx, N.Y.;
S. PENISTER, Parole Officer, Bronx, N.Y.;
RAYMOND BRENNAN, Detective, N.Y.C. Police Dept.;
and CITY OF NEW YORK;

                 Defendants.
_____

APPEARANCES:                                                    OF COUNSEL:

HERIBERTO PALACIO, 01-A-1839
  Plaintiff, *Pro Se*
Bare Hill Correctional Facility
Caller Box 20
Malone, NY 12953

GEORGE H. LOWE, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me by the Honorable Frederick J. Scullin, Jr., Senior United States District Judge, to hear and determine all pretrial matters (of a non-dispositive nature) and issue report-recommendations on all dispositive matters before the Court, pursuant to 28 U.S.C. § 636(b) and

Local Rule 72.3(c). Currently before the Court is Plaintiff's motion to proceed *in forma pauperis*. (Dkt. No. 2.) For the reasons discussed below, I deny Plaintiff's motion to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(g), and I recommend that the Court dismiss his Complaint if he has not, within thirty (30) days of the date of this Order and Report-Recommendation, paid the Court's filing fee of three hundred fifty dollars ($350).

I.  **SUMMARY OF PLAINTIFF'S COMPLAINT**

Generally, in his 23-page handwritten Complaint, Heriberto Palacio ("Plaintiff") alleges that, in or around 2005, the New York State Division of Parole, the City of New York, and ten employees of one of those two entities violated his rights under the First, Fifth, Eighth and/or Fourteenth Amendments in the following ways: (1) they adversely affected his parole board interviews and decisions based on data possessed in violation of New York State law (e.g., records regarding his arrests for domestic violence, which were filed under seal at the time); (2) they discriminated against him by denying his right to consortium; (3) they retaliated against him for having filed requests for documents under New York's Freedom of Information Law; (4) they wrongfully refused to provide him with an unredacted copy of certain records regarding his arrests and/or parole; and (5) they wrongfully placed him in a "Special Offender Unit" based upon sealed arrest records. (*See generally* Dkt. No. 1 [Plf.'s Compl.].)

II.  **DISCUSSION**

Under the "Three Strikes Rule" set forth in the federal statute governing *in forma pauperis* proceedings,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility,

2

>brought an action or appeal in a court of the United States that was
>dismissed on the grounds that it is frivolous, malicious, or fails to state
>a claim upon which relief may be granted, unless the prisoner is under
>imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Here, I find that, before Plaintiff brought this action on September 9, 2008, he had acquired at least five (5) "strikes" for purposes of 28 U.S.C. § 1915(e)(2):

   Strike 1: *Palacio v. New York City*, 03-CV-4701, Order of Dismissal (S.D.N.Y. filed June 25, 2003) (Mukasey, J.) (dismissing *pro se* prisoner civil rights complaint for failure to state a claim, and certifying that any appeal from the Order would not be taken in good faith for purposes of 28 U.S.C. § 1915[a][3]; docket sheet reflecting that Plaintiff's subsequent appeal to Second Circuit was dismissed via Mandate on May 13, 2004);

   Strike 2: *Palacio v. City of New York*, 03-CV-4725, Order of Dismissal (S.D.N.Y. filed June 25, 2003) (Mukasey, J.) (dismissing *pro se* prisoner civil rights complaint for failure to state a claim, and certifying that any appeal from the Order would not be taken in good faith for purposes of 28 U.S.C. § 1915[a][3]; docket sheet reflecting that Plaintiff's subsequent appeal to Second Circuit was dismissed via Mandate on September 14, 2004);

   Strike 3: *Palacio v. Serv. Empl. Int'l Union*, 03-CV-3290, Order of Dismissal (S.D.N.Y. filed March 25, 2004) (Mukasey, J.) (dismissing *pro se* prisoner civil rights complaint for failure to state a claim, and certifying that any appeal from the Order would not be taken in good faith for purposes of 28 U.S.C. § 1915[a][3]; docket sheet reflecting that Plaintiff's subsequent appeal to Second Circuit was dismissed via Mandate on January 7, 2005);

   Strike 4: *Palacio v. 1833 Seventh Ave. Co.*, 03-CV-3289, Order of Dismissal (S.D.N.Y.

filed March 25, 2004) (Mukasey, J.) (dismissing *pro se* prisoner civil rights complaint for failure to state a claim, and certifying that any appeal from the Order would not be taken in good faith for purposes of 28 U.S.C. § 1915[a][3]); and

Strike 5: *Palacio v. 1833 Seventh Ave. Co.*, No. 04-2629, Mandate (2d Cir. filed Nov. 11, 2004) (dismissing appeal as "lack[ing] arguable basis in law or fact").

Moreover, I find that Plaintiff's Complaint does not allege facts plausibly suggesting that, at the time he brought the action,[1] he was "under imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g) ("In no event shall a prisoner bring a civil action . . . if the prisoner has, on 3 or more prior occasions, . . . brought an action or appeal . . . that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim . . . unless the prisoner is under imminent danger of serious physical injury.").[2]

---

[1]  Because 28 U.S.C. § 1915(g) creates an exception for prisoners who are under imminent danger of serious physical injury when they "bring a civil action," the imminent-danger exception applies only when such danger exists *at the time the action is brought*, i.e., at the time the complaint is filed. *See Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002), *accord*, *Polanco v. Hopkins*, No. 07-1739, 2007 WL 4258724, at *2-3 (2d Cir. Dec. 6, 2007) (declining to overturn the Second Circuit's time-of-filing interpretation set forth in *Malik v. McGinnis*).

[2]  When determining whether a prisoner has qualified for the "imminent danger" exception, courts look at the non-conclusory allegations in the plaintiff's complaint. *Johnson v. Connolly*, 07-CV-0158, 2008 WL 724167, at *9 & n.18 (N.D.N.Y. March 17, 2008) (on *de novo* review, adopting Report-Recommendation of Lowe, M.J., recommending revocation of plaintiff's *in forma pauperis* status due to "Three Strikes Rule" in part because plaintiff had not, in his complaint, asserted non-conclusory allegations that he was in imminent danger of serious physical injury) [citations omitted]; *Welch v. Fisher*, 07-CV-0929, 2007 WL 3231992, at *1-2 (N.D.N.Y. Oct. 30, 2007) (McAvoy, J.) (concluding that plaintiff had failed to allege imminent danger of serious physical injury) [citations omitted]; *see also Abdrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007) ("[A]ll [circuits] maintain a singular focus on the facts alleged in the complaint in deciding whether a prisoner faced the requisite harm.") [collecting cases]; *Ibrahim v. Dist. of Columbia*, 463 F.3d 3, 6 (D.C. Cir. 2006) ("In determining whether he qualifies [for the 'imminent danger' exception], we look to the complaint . . . ."); *Brown v. Johnson*, 387 F.3d 1344, 1350 (11th Cir. 2004) ( "[T]he issue [under § 1915(g)] is whether his complaint, as a

For all of these reasons, I deny Plaintiff's motion pursuant to 28 U.S.C. § 1915(g), and I recommend that the Court dismiss his Complaint if he has not, within thirty (30) days of the date of this Order and Report-Recommendation, paid the Court's filing fee of three hundred fifty dollars ($350).

I note that, even if I were to proceed to an analysis of the pleading sufficiency of Plaintiff's claims, I would likely find that (1) Plaintiff has failed to state a claim upon which relief might be granted, and/or (2) Plaintiff's action might be appropriate for transfer to the Southern District of New York. However, since he has not paid the filing fee, no need exists to engage in that analysis at this point in time.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's motion to proceed *in forma pauperis* (Dkt. No. 2) is **DENIED** pursuant to 28 U.S.C. § 1915(g); and it is further

**RECOMMENDED** that the Court **DISMISS** Plaintiff's Complaint (Dkt. No. 1) if he has not, within **THIRTY (30) DAYS** of the date of this Order and Report-Recommendation, paid the Court's filing fee of three hundred fifty dollars ($350).

**BE ADVISED that any objections to this Report-Recommendation must be filed with the Clerk of this Court within TEN (10) WORKING DAYS, PLUS THREE (3) CALENDAR DAYS (*see* Fed. R. Civ. P. 6[d]), from the date of this Report-**

---

whole, alleges imminent danger of serious physical injury."); *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("Before denying leave to proceed IFP, courts must review a frequent filer's well-pled allegations to ensure that the prisoner is not in imminent danger.") [citation omitted]; *Rivera v. Allin*, 144 F.3d 719, 726 (11th Cir. 1998) ("Prior to denying leave to proceed IFP, courts must review a frequent filer prisoner's well-pled allegations to ensure that the prisoner is not under imminent danger of serious physical injury.") [internal quotation marks and citation omitted], *abrogated on other grounds*, *Jones v. Block*, 127 S. Ct. 910 (2007).

**Recommendation**.  *See* 28 U.S.C. § 636(b)(1), Fed. R. Civ. P. 72(b), Local Rule 72.1(c), and Fed. R. Civ. P. 6(a)(2).

**BE ALSO ADVISED that the District Court, on** *de novo* **review, will ordinarily refuse to consider arguments, case law and/or evidentiary material that could have been, but were not, presented to the Magistrate Judge in the first instance**.[3]

**BE ALSO ADVISED that the failure to file timely objections to this Report-Recommendation will PRECLUDE LATER APPELLATE REVIEW of any Order of judgment that will be entered**.  *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of H.H.S.*, 892 F.2d 15 [2d Cir. 1989]).

---

[3]   *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters,* 894 F.2d 36, 40 n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *Alexander v. Evans,* 88-CV-5309, 1993 WL 427409, at *18, n.8 (S.D.N.Y. Sept. 30, 1993) (declining to consider affidavit of expert witness that was not before magistrate) [citation omitted]; s*ee also Murr v. U.S.*, 200 F.3d 895, 902, n.1 (6th Cir. 2000) ("Petitioner's failure to raise this claim before the magistrate constitutes waiver."); *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996) ("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.") [citations omitted]; *Cupit v. Whitley*, 28 F.3d 532, 535 (5th Cir. 1994) ("By waiting until after the magistrate judge had issued its findings and recommendations [to raise its procedural default argument] . . . Respondent has waived procedural default . . . objection[].") [citations omitted]; *Greenhow v. Sec'y of Health & Human Servs.*, 863 F.2d 633, 638-39 (9th Cir. 1988) ("[A]llowing parties to litigate fully their case before the magistrate and, if unsuccessful, to change their strategy and present a different theory to the district court would frustrate the purpose of the Magistrates Act."), *overruled on other grounds by U.S. v. Hardesty*, 977 F.2d 1347 (9th Cir. 1992); *Patterson-Leitch Co. Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985, 990-91 (1st Cir. 1988) ("[A]n unsuccessful party is not entitled as of right to de novo review by the judge of an argument never seasonably raised before the magistrate.") [citation omitted].

Dated: September 30, 2008
      Syracuse, New York

George H. Lowe
United States Magistrate Judge